## Plappert v. Kelley

*Lynn Sare Kornblau,* for plaintiffs.
*John Q. Durkin,* for defendant Mercy Hospital.

WALSH, *P.J.,* June 18, 1993—Before the court is the plaintiff's motion to compel both answers to interrogatories and a response to a request for production of documents. Said motion was presented to the undersigned motion court judge on June 14, 1993, and in the interest of making a sound decision on a relatively complex issue, we took the matter under advisement.

Our decision follows a summation of the key facts.

It is alleged in the complaint filed in this medical malpractice action that plaintiff Karen Plappert contracted a staphylococcus infection following surgery performed by defendant Kristine Kelley, M.D. at Mercy Hospital, another defending party. During the course of discovery, the plaintiffs served interrogatories and a request for production of documents upon Mercy Hospital. Relying upon the provisions of the Pennsylvania Peer Review Protection Act, 63 Pa.C.S. §425.4, Mercy Hospital objected to interrogatories 29 and 33 and request for production of documents numbers 14 and 16, all of which sought information regarding incidences of staph infection at the hospital and of the hospital's response to such incidences. Specifically, the plaintiffs sought the following information:

"I. 29. State whether during the years 1988 through 1992 you have maintained records of the occurrences of staph infections at your hospital.

"I.33. State whether infectious disease control has been the subject of any hospital meeting, or investigation and, if so, identify each such meeting or investigation, names and job titles of persons involved, dates thereof, and the nature of any action taken in response. If written documentation of any part of your answer exists, please attach copies.

"R. 14. (You are requested to produce) [m]inutes or records of any and all meetings of hospital staff and personnel regarding procedure for control of infectious diseases.

"R. 16. (You are requested to produce) [a]ll records of staph infection rates at your hospital from 1988-1992 inclusive."

According to Mercy Hospital, the Pennsylvania Peer Review Protection Act protects from discovery certain matters, such as the information requested above, which are subject to review by a peer review committee. This Act provides:

"The proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action against a professional health care provider arising out of the matters which are the subject of evaluation and review by such committee and no person who is an attendant at a meeting of such committee shall be permitted or required to testify in any such civil action as to any evidence or other matters produced or presented during the proceedings of such committee or as to any findings, recommendations, evaluations, opinions or other actions of such committee or any members thereof. Provided, however, that information, documents or records otherwise available from other sources are not to be construed as immune from discovery or use in any such civil action merely because they were presented during proceedings of such committee, nor should any person who testified before such committee or who is a member of such committee be prevented from testifying as to matters within his knowledge, but the said witness cannot be asked about his testimony before such committee or opinions formed by him as a result of said committee hearings."

Our Superior Court has indicated that the purpose behind the Act is to encourage medical care providers to freely inform hospital committees of the performance of medical professionals and hospital personnel in regard to their duties, which in turn facilitates the committees' review of the qualifications and abilities of hospital employees and evaluation of the quality of health care

provided, and also allows the committees to examine claims made against the hospital. *Sanderson v. Frank S. Bryan, M.D., Ltd.,* 361 Pa. Super. 491, 522 A.2d 1138 (1987). In the interest of promoting frank disclosure at review meetings, peer review legislation was enacted. *Veith v. Lancaster General Hospital,* 69 Lanc. L.Rev. 549 (1985). However, we note that the privilege of peer review matters is limited by the language of the Act itself, as information produced or presented to a committee is not subject to discovery unless such information, documents or records are available from other sources. By implication, facts obtainable from sources other than review meetings are indeed discoverable.

In so reasoning, we have found guidance in *Trent v. Lancaster General Hospital,* 44 D.&C.3d 606 (1986), a decision made in a similar civil action by our sister court in Lancaster County. In evaluating a motion to compel answers to interrogatories and request for production of documents, which sought information concerning infection control policies and procedures and the rate of staph infections in patients at the defendant hospital, the court determined that because the Act expressly "permits the discovery of information otherwise available from original sources, so too, the number and rate of staph infections in other patients at defendant hospital are available from the original sources of such information including patient medical records." *Id.* at 609. The protective provisions of the Act are subject to an exception; the *Trent* action as well as the matter before the court falls precisely within that exception.

Because the information sought by plaintiffs Plappert regarding staph infections is available from other sources, namely original records and files, we find this information to be discoverable. While infection rates

as well as infection control may have indeed been discussed during a peer review session at Mercy Hospital, that fact alone does not persuade us that discovery of this type is prohibited. If it were, any type of information or statistical data, regardless of its significance, relevance or necessity, could not be considered discoverable if mentioned or discussed in the setting of a peer review meeting. The principles of reason and fairness dictate that the plaintiffs' queries be answered, and in the order that follows, we will direct the defendant hospital to do so.

## ORDER

Now, June 18, 1993, upon consideration of the plaintiffs' motion to compel discovery responses of defendant Mercy Hospital this court hereby orders and decrees that said motion is sustained as to interrogatories numbered 29 and 33, and request for production numbers 14 and 16. Defendant Mercy Hospital, is directed to provide full and complete answers and responses within 60 days from the date of this order. In responding to these queries, however, the defendant is not required to provide any minutes or records of peer review meetings per se.